1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | | CASE NO. 03cv907 BEN (WMc) |
| | Plaintiff, | |
| vs. | | **ORDER GRANTING PLAINTIFF'S AND DEFENDANTS' RULE 59(e) MOTIONS TO ALTER OR AMEND THE JUDGMENT** |
| ROBERT I. BOURSEAU, et al., | | |
| | Defendants. | |

Now before the Court are motions by both Plaintiff and Defendants to alter or amend the Judgment pursuant to Federal Rules of Civil Procedure Rule 59(e). The motions are timely filed and this Court has jurisdiction. The motions are granted as follows.

## I. PLAINTIFF'S MOTION

The Government moves to amend the Judgment to correct and reduce the amount of damages, reducing the amount of the Judgment from $23,776,332 to $15,657,585. Defendants do not oppose the reduction. Therefore, the Motion is Granted. The Damages are reduced as follows:

| Year | False Claim Submitted | Original Damages | **Amended Damages** |
|---|---|---|---|
| 1997 | Interest Claimed But Never Paid | $2,550,722 | **$1,494,753** |
| | Unrelated Bankruptcy Legal Fees | $860,144 | **$ 421,470** |
| 1998 | Interest Claimed But Never Paid | $2,761,803 | **$1,807,880** |

|   |      |                                                |             |             |
|---|------|------------------------------------------------|-------------|-------------|
| 1 |      | Unrelated Bankruptcy Legal Fees                | $112,303    | **$ 112,303** |
| 2 |      | Management Fees to NCFE                        | $180,000    | **$ 189,847** |
| 3 |      | Non-Existent Lease Expense                     | $414,618    | **$ 414,618** |
| 4 |      | Inflated Square Footage Effect on Reimbursement | $279,899   | **$ 279,899** |
| 5 | 1999 | Unrelated Bankruptcy Legal Fees                | $ 53,535    | **$  53,535** |
| 6 |      | Management Fees to NCFE                        | $240,000    | **$ 118,798** |
| 7 |      | Inflated Square Footage Effect on Reimbursement | $135,521   | **$ 135,521** |
| 8 |      | Program Costs (Interest Claimed But Never Paid) | $336,899   | **$ 190,571** |
| 9 | Total |                                               | $7,925,444  | **$5,219,195** |

The total single damages is reduced from $7,925,444 to $5,219,195. At the same time, the total trebled damages is reduced from $23,776,332 to $15,657,585. The $31,000 of civil penalties remains unchanged.

## II.  DEFENDANTS' MOTION

Defendants also move to alter or amend seeking amended findings and challenging the damages as an excessive fine under the Eighth Amendment and a violation of the Due Process Clause of the Fifth Amendment.

### A.  *Amended Findings*

The motion is granted insofar as the Judgment will be altered to make explicit what was implicit previously: the false claims of the 1997, 1998, and 1999 Medicare Cost Reports for California Psychiatric Management Services ("CPMS") doing business as Bayview Hospital & Mental Health Systems ("Bayview") actually damaged the Government and are actionable both as affirmative false claims under 31 U.S.C. § 3729(a)(1), §3729(a)(2) or §3729(a)(3), and as reverse false claims under § 3729(a)(7) adopting the reasoning of *United States, ex rel. A+ Homecare, Inc. v. Medshares Management Group, Inc.*, 400 F.3d 428 (6th Cir. 2005), *cert. denied*, 126 S.Ct. 797 (2005).

### B.  *Eighth Amendment*

The motion is granted insofar as the Court now considers whether the fines and trebled damages imposed here violate either the Eighth Amendment or the Due Process Clause. The

1  Court finds they do not.

2  The trebled damages awarded do not violate the Eighth Amendment. In *United States v.*
3  *Mackby*, 261 F.3d 821, 831 (9th Cir. 2001) ("*Mackby I*"), which the Defendants rely on[1], the Ninth
4  Circuit concluded that the False Claims Act treble damages provision had a punitive element and
5  was, therefore, subject to an Excessive Fines analysis under the Eighth Amendment. Two years
6  later, the Supreme Court determined that the treble damages provision of the False Claims Act also
7  has "a compensatory side, serving remedial purposes in addition to punitive objectives." *Cook*
8  *County, Illinois v. United States*, 538 U.S. 119, 130 (2003). In fact, *Cook County* suggests that in a
9  False Claims Act case much of the trebled damages award serves a compensatory purpose. The
10 Supreme Court observes that there is "no question that some liability beyond the amount of the
11 fraud is usually necessary to compensate the Government completely for the costs, delays, and
12 inconveniences occasioned by fraudulent claims." *Id.* Earlier, in *United States v. Halper*, 490
13 U.S. 435, 445 (1989), the Supreme Court found that the injury from the presentment of a false
14 claim is "not merely the amount of the fraud itself, but also ancillary costs, such as the costs of
15 detection and investigation, that routinely attend the Government's efforts to root out deceptive
16 practices directed at the public purse." Moreover, the *Cook County* decision notes that trebled
17 damages help compensate the Government in the absence of a separate provision for consequential
18 damages and prejudgment interest.[2] *Id.* at 131 and n.9 ("The treble damages provision was, in a
19 way, adopted by Congress as a substitute for consequential damages.").

20 In the *Mackby* litigation following remand and coming after the *Cook County* decision, the
21 Ninth Circuit held that treble damages and fines awarded under the False Claims Act in that case
22 did not violate the Excessive Fines Clause where the size of the penalty was "not grossly
23 disproportional to [defendant's] level of culpability and the harm he caused." *United States v.*
24 *Mackby*, 339 F.3d 1013, 1017 (9th Cir. 2003), *cert. denied*, 124 S.Ct. 1657 (2004) ("*Mackby II*").

25

---

26  [1]Defendants discuss *Mackby I*, but do not mention the Ninth Circuit opinion following remand
27  known as *"Mackby II"* – which is odd since the excellent defense counsel in the present case was also
Peter Mackby's counsel in the two *Mackby* appeals.

28  [2]Prejudgment interest could be significant in this case because the three fraudulent Cost
Reports were delivered six, seven, and eight years ago.

Here, a large portion of the trebled damages award of $15,657,585 is compensatory in nature. The remaining smaller portion which may be punitive and the fines of $31,000 are not grossly disproportional to the Defendants' level of culpability and the harm that the Defendants caused. As in *Mackby II*, the false claims here harmed the Government "in the form of both monetary damages and harm to the administration and integrity of Medicare." *Id.* at 1018. In *Mackby II*, the Ninth Circuit explains that, "[t]he government has a strong interest in preventing fraud, and the harm of such false claims extends beyond the money paid out of the treasury." *Id.* at 1019. *Mackby II* continues, "[f]raudulent claims make the administration of Medicare more difficult, and widespread fraud would undermine public confidence in the system." *Id.* Finally, dollars fraudulently obtained from the public fisc by unscrupulous or reckless medical services providers, exhaust the Medicare resources which are set aside for deserving Medicare patients.

For all of these reasons, this Court concludes that the amount of damages and penalties found in this case does not violate the Excessive Fines Clause.

*C. Due Process Clause*

Defendants also argue that the trebled damages are punitive damages that violate the Due Process Clause of the Fifth Amendment. In *State Farm Mutual Automobile Insurance Company v. Campbell*, 538 U.S. 408 (2003), which Defendants rely on, the Supreme Court held that punitive damages awarded by a jury may implicate the Due Process Clause.[3] The damages award here, however, is not the product of a jury verdict and does not have the potentially arbitrary quality of a classic punitive damages award. *Cook County, Illinois*, 538 U.S. at 132 ("Treble damages certainly do not equate with classic punitive damages, which leave the jury with open-ended discretion over the amount...."). Defendants do not cite, and this Court has not found, a decision holding that a trebled damage award imposed under the False Claims Act violates the Due Process Clause. In view of the mixed compensatory and punitive nature of False Claims Act trebled damages, the Court finds that the damages imposed against the Defendants in this case do not

---

[3] Commentators note that *State Farm* suggests punitive damages awards that exceed a multiple of nine times compensatory damages could be, but are not necessarily, arbitrary and may run afoul of the Due Process Clause. *Cf. Phillip Morris USA v. Williams*, U.S. Supreme Court Case No. 05-1256 (oral arguments on October 31, 2006 regarding constitutionality of large punitive damages award exceeding 9 to 1 ratio).

offend the Due Process Clause.

### III.  CONCLUSION

Both motions are granted.  The Findings of Fact and Conclusions of Law and Judgment are, hereby, amended.  The Medicare Cost Reports are actionable as false claims under 31 U.S.C. § 3729(a)(1), §3729(a)(2) or §3729(a)(3), and as reverse false claims under § 3729(a)(7).  The amount of actual damages is reduced to $5,219,195.  The amount of trebled damages is reduced to $15,657,585.  The fines and trebled damages imposed here do not violate either the Excessive Fines Clause of the Eighth Amendment or the Due Process Clause of the Fifth Amendment.

**IT IS SO ORDERED.**

DATED:  December 1, 2006

_____
Hon. Roger T. Benitez
United States District Judge